THE WABASH, ST. LOUIS AND PACIFIC RAILWAY COM-PANY

v.

THE PEOPLE, etc.

1. RAILROAD TRACK NOT, PER SE, A PUBLIC NUISANCE.—A railroad track in a street is not necessarily, *per se*, a public nuisance. Nor can it be said, as a matter of law, that it is an obstruction.

2. DEFECTIVE INDICTMENT.—Where an indictment under sections 221 and 222 of the Criminal Code did not directly aver that the railroad track in question was an obstruction to the street. *Held*, That the indictment was not good.

3. PLEADING.—Every fact and circumstance stated in an indictment must be laid positively. They can not be stated by way of recital, nor by way of argument or inference; the allegations must be in words clear, direct, and not argumentative or inferential.

ERROR to the Circuit Court of Alexander county; the Hon. DAVID J. BAKER, Judge, presiding. Opinion filed April 13, 1883.

Mr. SAMUEL P. WHEELER, for plaintiff in error.

Mr. JAMES M. DAMRON and Mr. D. T. LINEGAR, and Messrs. MULKEY & LEEK, for defendant in error; that no greater de-gree of certainty is required in an indictment than is required

in a declaration, cited 1 Chitty on Pl. 234; Gould on Pl. Ch. 3, § 53.

As to degree of proof required of a material fact pleaded under a *videlicet:* Gould on Pl. Ch. 3, § 35; 1 Chitty on Pl. 317; Grimwood v. Barrit, 6 T. R. 461; Dakin's Case, 2 Saund. 291; 1 Bishop on Criminal Procedure, 406.

An indictment which concludes "contrary to the form of the statute," etc., is a prosecution under the statute and not at common law: Town of Paris v. The People, 27 Ill. 74.

WALL, J. The plaintiff in error was indicted under Secs. 221 and 222 of the Criminal Code. The former section provides that it is a public nuisance to encroach upon or obstruct any street, etc., and the latter section imposes the punishment for erecting or continuing any such nuisance.

The indictment avers that at, etc., and on, etc., the defendant did unlawfully continue a certain nuisance, whether public or not is not stated, to wit, one railroad track upon a certain street, naming it, which track had been laid by another corporation, naming it, on, etc., and by then and there continuing said track did then and there continue an obstruction on said street. It is not directly averred that the track was an obstruction to the street, and there is nothing but the mere conclusion of the pleader from which it can be so inferred. The offense denounced by the statute is the obstruction of a street, not the mere building and continuing of a railroad track which may or may not amount to an obstruction.

A railroad track in a street is not necessarily, *per se*, a public nuisance. Angell on Highways, Sec. 32, and cases there cited; Murphy v. City of Chicago, 29 Ill. 286. Nor can it be said as a matter of law that it is an obstruction. On the trial the prosecution introduced evidence to prove that the street was materially obstructed at the point in question by one or more of the defendant's tracks, though at certain points further up, in the more busy portion of the street, it seemed the track was so laid as to have caused no serious objection— thus conceding the necessity of proving more than the mere presence of the track in the street.

Every fact and circumstance stated in an indictment must be laid positively; it can not be stated by way of recital, nor by way of argument or inference; the allegations must be in words clear, direct, and not argumentative or inferential. Archbold Criminal Pleading, Sec. 54; Bishop Criminal Procedure, Vol. 1, Sec. 508.

Tested by these well-settled rules of criminal pleading, we are of opinion the indictment was imperfect, and that the motion to quash should have been sustained. The judgment is reversed and cause remanded.

Reversed and remanded.